FILED
JUN 1 2 2025
DAVID CREWS, CLERK
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO: 1:25-CR-87

CORNELIUS MORTON

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)(1)(A)

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about April 23, 2024, in the Northern District of Mississippi, the defendant, CORNELIUS MORTON, did knowingly and intentionally possess with the intent to distribute a Schedule II controlled substance, that is fifty (50) grams or more of a mixture and substance containing an amount of Methamphetamine, in tablet form, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

### COUNT TWO

On or about April 23, 2024, in the Northern District of Mississippi, the defendant, CORNELIUS MORTON, did knowingly and intentionally possess with the intent to distribute a Schedule II controlled substance, that is five (5) grams or more of Methamphetamine Hydrochloride actual, in crystalline form, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

### COUNT THREE

On or about April 23, 2024, in the Northern District of Mississippi, the defendant, CORNELIUS MORTON, knowing he had been convicted of a crime punishable by imprisonment

for a term exceeding one year, knowingly possessed a firearm, to wit: a Taurus G3c 9mm handgun, and the said firearm was in and affecting interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT FOUR

On or about April 23, 2024, in the Northern District of Mississippi, the defendant, CORNELIUS MORTON, did knowingly possess a firearm, that is, a Taurus G3c 9mm handgun in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) as alleged in Count One and Two of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE PROVISION

The allegations contained in Counts One and Two, of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendant, CORNELIUS MORTON shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The United States further reserves its right to seek forfeiture in the form of a money judgment against the defendant in an amount equal to the illegal proceeds obtained by the defendant as result of the violations specified in this Indictment.

The allegations contained in Count Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense in violation of Title 18, United States Code, Sections 922(g) as set forth in Count One of this Indictment, defendant, CORNELIUS MORTON, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms, ammunition, and other things possessed or used in violation of the offense. The property to be forfeited includes, but is not limited to, the following:

- Taurus G3c 9mm handgun

If any of the forfeitable property described above, as a result of any act or omission of the defendant(s):

1. Cannot be located upon the exercise of due diligence,
2. Has been transferred or sold to, or deposited with, a third party,
3. Has been placed beyond the jurisdiction of the court,
4. Has substantially diminished in value or,
5. Has been comingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853 (p), incorporated by 28 U.S.C. § 2461 (c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

A TRUE BILL

CLAY JOYNER
UNITED STATES ATTORNEY

/s/ Redacted Signature
FOREPERSON